UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

---

| | |
|---|---|
| IN RE PRADAXA ) | MDL No. 2385 |
| (DABIGATRAN ETEXILATE) ) | 3:12-md-02385-DRH-SCW |
| PRODUCTS LIABILITY ) | Judge David R. Herndon |
| LITIGATION ) | |

---

**This Document Relates to:**

CHARLEEN A. GLASGOW,
Individually, and as Special
Administratrix of the Estate of          Case No.: 3:15-px-00122
RONALD D. GLASGOW,

v.

BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC.

## ORDER

**HERNDON, District Judge:**

Presently before the Court is the parties' Joint Motion for Further Proceedings and Indicative Ruling Pursuant to Federal Rule of Civil Procedure 62.1(a). Movants state they have reached a proposed resolution plan that, once complete, is expected to dispose of the pending appeals. Accordingly, movants request further proceedings before this Court and request an indicative ruling on the same.

The judgments dismissing the above captioned plaintiffs' claims are presently on appeal before the Seventh Circuit Court of Appeals. *See Glasgow v. Boehringer Ingelheim Pharmaceuticals, Inc., Docket* No. 15-2095 (7th Cir. filed

May 20, 2015). During the pendency of the appeal, the parties have engaged in negotiations in an attempt to reach a resolution. According to the subject motion, the parties have reached a proposed resolution and expect the Special Master to file a Report and Recommendation with this Court regarding the same.

The parties, recognizing the Court may lack jurisdiction to act on the Special Master's Report and Recommendation by enforcing or declining to enforce the proposed resolution, move for an indicative ruling under Federal Rule of Civil Procedure 62.1. Under Rule 62.1, when a timely motion for relief is made but the court lacks authority to grant it because an appeal is pending, the court may do one of three things: (1) defer consideration of the motion, (2) deny the motion, or (3) state either that it would grant the motion if the court of appeals were to remand for that purpose or that the motion raises substantial issues.

It is well settled that this Court has "the power to implement a settlement agreement between the parties" and that this power "inheres in the district court's role as a supervisor of the litigation." *Carr v. Runyan,* 89 F.3d 327, 331 (7th Cir. 1996). It appearing that the parties have reached a potential settlement, the Court finds it appropriate to issue an indicative ruling and states as follows:

The parties' motion for an indicative ruling is GRANTED. The Court finds that the parties' request for consideration of their proposed resolution plan raises

a substantial issue that would warrant further proceedings in this Court.

**IT IS SO ORDERED.**

**Signed this 28th day of August, 2015.**

Digitally signed by David R. Herndon
Date: 2015.08.28 10:29:23 -05'00'

**United States District Court**